

# THE ATTORNEY GENERAL
## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

May 5, 1947

Hon. George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-183

Re: Amount of traveling expense which can be allowed to a District Attorney per day.

Dear Sir:

Your request for an opinion upon the above subject matter is as follows:

"This Department has received a traveling expense account from a certain District Attorney claiming reimbursement for expenses incurred by him on the same day which are; hotel room $3.00, three meals at $1.50 each or $4.50, making a total expenditure of $7.50 for that day.

"This Department requests answers to the following questions. Does the language '. . . . not to exceed four dollars per day for hotel bills, . . . .' in Article 6820 V.R.C.S. limit the reimbursement to only four dollars for both lodging and meals in the above instance? Or is the Attorney entitled to a reimbursement of the entire $7.50? In this connection I wish to call your attention your opinion No. 0-7072."

Article 6820 of the Revised Civil Statutes is as follows:

"All district judges and district attorneys when engaged in the discharge of their official duties in any county in this State other than the county of their residence, shall be allowed their actual and necessary expenses while actually engaged in the discharge of such duties, not to exceed four dollars per day for hotel bills, and not to exceed four cents a mile when traveling by railroad, and not to exceed twenty cents a mile when traveling by private conveyance, in going to and returning from the place where such duties are discharged, traveling by the nearest practical route.

Such officers shall also receive the actual and neces-
sary postage, telegraph and telephone expenses in-
curred by them in the actual discharge of their duties.
Such expenses shall be paid by the State upon the sworn
and itemized account of each district judge or attorney
entitled thereto, showing such expenses. In districts
containing more than one county, such expenses shall
never exceed in any one year $100.00 for each county
in the district; provided that no district judge or at-
torney shall receive more than $600.00 in any one
year under the provisions of this article. The account
for said services shall be recorded in the official min-
utes of the district court of the county in which such
judge or attorney resides, respectively."

We assume that the District Attorney whose accounts
you are auditing was traveling in the discharge of his official du-
ties in a county other than the county of his residence. Your ques-
tion involves a construction of the words "hotel bills" as the same
are used in Article 6820.

This statute is an old one, and is, perhaps, one of the
precursors of present statutes (or appropriation riders) limiting
travel expense of public officers.

An examination will show quickly that its purpose was
to allow to District Attorneys their actual and necessary expenses
while actually in the discharge of their duties when traveling in any
county other than the county of their residence. It further plainly
limits the expenses thus allowed to the necessary expenses, and
places a maximum limitation upon such actual and necessary ex-
penses of $4.00 per day for "hotel bills," and not to exceed "four
cents a mile when traveling by railroad" and not to exceed "twenty
cents a mile when traveling by private conveyance." It is thus
clear that the lawmakers contemplated that the items mentioned
make up the "actual and necessary expenses" authorized. In other
words, that "travel expenses" would include only the items of mile-
age, lodging, and meals. To refuse to allow any one of these items
would not meet the intention of the Act allowing "actual and neces-
sary expenses" upon such out of county trips. The Legislature
therefore, we think, used the term "hotel bills" in its then com-
monly accepted meaning, that is, lodging and meals. Patterson v.
Gage, 16 Pac. 560, 43 C.J.S. 1134.

A review of the travel allowance provisions of the last
several years accentuates this construction.

In the general provisions appended to the departmental
appropriations bill of the 44th Legislature (Laws of Texas, 44th

Legislature, 1935-36, p. 1156) Traveling Expenses (e) there is this provision: "All employees traveling at the expense of the State are hereby limited to the following amounts for meals and lodging; for meals not exceeding $1.80 per day, for lodging not exceeding $2.00 per night;" In the corresponding rider in the departmental appropriation act of the 45th Legislature (Laws of Texas, 45th Legislature, 1937-38, p. 1488 (e)) it is provided that "all employees traveling at the expense of the State are hereby limited to the amount of Four Dollars ($4.00) per day expenses for meals and lodging;" In the same connection, we find in the departmental appropriations by the 46th Legislature: "All employees traveling at the expense of the State are hereby limited to the amount of $4.00 per day expenses for meals and lodging;" (Laws of Texas, Vol. 2, 46th Legislature, 1939, p. 228). Correspondingly, the general departmental appropriations for the 47th Legislature declared in subdivision (11)g that "all employees traveling at the expense of the State are hereby limited to the Amount of Four ($4.00) Dollars per day expense for meals and lodging." Finally we find the same language carried in the general departmental appropriation of the 49th Legislature (General and Special Laws of Texas, 49th Legislature, 1945, p. 944 in subdivision (11)g). From this review of the provisions of the travel expense allowance items, it is obvious the general intention of limitation as to allowable items was that as to the matters of lodging and meals, the two are identical in meaning as the one item of hotel bills contained in Article 6820. We think this conclusion is a proper interpretation of the Legislative mind -- and that is the real meaning of the law.

From what we have said it follows that under the terms of Article 6820, Revised Civil Statutes, the District Attorney may be allowed only his actual necessary expenses of lodging and meals, not to exceed $4.00 for both per day.

This conclusion in nowise conflicts with this Department's Opinion No. O-7072, which involved statutory exceptions not involved in the present inquiry.

## SUMMARY

The limitation of travel expenses allowed to a District Attorney under Article 6820 of the Revised Civil Statutes restricts such allowance to $4.00 per day for both lodging and meals, such construction being implicit in the words "hotel bills." 43 C.J.S. 1134.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

MAY 5, 1947

ATTORNEY GENERAL
OF TEXAS

BY

Ocie Speer
Assistant

OS:WB:sl